**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL TRAPASSO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEN'S FOODS, LLC,<br><br>Defendant | CASE NO.<br><br>**COMPLAINT – CLASS ACTION** |

**DAMAGES REQUESTED**

**DEMAND FOR A JURY TRIAL**

Plaintiff Michael Trapasso ("Plaintiff") brings this action on behalf of himself, and all others similarly situated against Ken's Foods, LLC ("Defendant") based on personal knowledge as to himself, the investigation of his counsel, and on information and belief as to all other matters.

## NATURE OF ACTION

1. This is a putative class action lawsuit on behalf of purchasers of Sweet Baby Ray's No Sugar Added Barbecue and Dipping Sauces (the "Products")[1] as shown on the next page:

[1] The Products include all flavors of Sweet Baby Ray's No Sugar Added Barbecue and Dipping Sauces and Marinade including, but not limited to, Original, Sweet and Smoky, Sweet and Spicy, Honey Mustard, and Teriyaki flavors. Other than varying flavors, the Products are all substantially identical in their labeling, function, sizing, and advertising. The No Added Sugar Representation is identical across the entire product line, with identical sizing, placement, coloring, and emphasis on the front label.


RAY'S
NO SUGAR ADDED
ORIGINAL
BARBECUE SAUCE
RAY'S
NO SUGAR ADDED
SWEET & SPICY
BARBECUE SAUCE
RAY'S
NO SUGAR ADDED
SWEET & SMOKY
BARBECUE SAUCE
RAY'S
NO SUGAR ADDED
HONEY MUSTARD
FLAVORED
DIPPING SAUCE
16 FL OZ
RAY'S
NO SUGAR ADDED
TERIYAKI
MARINADE

2. Defendant manufactures, markets, and sells the Products in thousands of stores throughout the United States, including the states of New York and Massachusetts.

3. Defendant prominently advertises, markets, and sells the Products as sauces and marinades that have "no sugar added" (the "No Added Sugar Representation"). The No Added Sugar Representation promises that the Products do not contain added sugar ingredients.

4. Defendant intentionally misleads consumers into believing that the Products do not contain added sugar ingredients. It does this because consumers desire products without added sugar because they believe products without added sugar are healthier and will help them support their health by controlling their weight and blood sugar levels, and reducing their calorie and sugar intake. As a result, consumers seek out products without added sugar ingredients.

5. However, unbeknownst to consumers, the Products contain the added sugar ingredient allulose. Therefore, the Products do in fact contain added sugar.

6. As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Products with the No Added Sugar Representation. Every package of the Products misleads consumers into believing the Products do not contain added sugar.

7. Plaintiff and Class Members purchased the Products, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class Members relied to their detriment on Defendant's No Added Sugar Representation, when the Products contain the sugar allulose and therefore contain added sugar. Plaintiff and Class Members would not have purchased the Products – or would not have paid as much as they did to purchase them – had they known the No Added Sugar Representation was false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

8. Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Products for violations of New York General Business Law §§ 349 and 350 and fraud.

## PARTIES

9. Plaintiff Michael Trapasso is a citizen and resident of Syracuse, New York who has an intent to remain there, and is therefore a domiciliary of New York. Plaintiff purchased Sweet Baby Ray's No Sugar Added Sauces on multiple occasions from retail stores in New York. Most recently, on November 19, 2025, Plaintiff purchased Sweet Baby Ray's No Sugar Added Barbecue Sauce in Original flavor from a Wegmans retail store in Syracuse, New York. Prior to his purchase of the Product, Plaintiff reviewed the Product's labeling and packaging and saw that his Product was labeled and marketed as containing "no added sugar." Based on the No Added Sugar Representation, Plaintiff believed he was purchasing a product that has no added sugar ingredients. Plaintiff relied on Defendant's No Added Sugar Representation in deciding to purchase the Product. Accordingly, the No Added Sugar Representation was part of the basis of the bargain, in that he would not have purchased his product on the same terms had he known the No Added Sugar Representation was not true. Plaintiff paid more for his product, and would only have been willing to pay less, or unwilling to purchase it at all, absent the false and misleading labeling complained of herein. In making his purchase, Plaintiff paid a price premium for a product that claimed to have no added sugar.

10. Defendant Ken's Foods, LLC is a Massachusetts limited liability corporation with its principal place of business in Marlborough, Massachusetts. Defendant formulates, manufactures, labels, markets, distributes, and sells the Products nationwide under its Sweet Baby Ray's brand. Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, because the matter in controversy exceeds $5,000,000 exclusive of interest and costs, and at least one member of the class is a citizen of a state different from Defendant. In addition, more than two-thirds of the class members reside in states other than the state in which Defendant is a citizen and in which this case is filed, and therefore any exceptions to jurisdiction under 28 U.S.C. § 1332(d) do not apply.

9. Defendant is an "'unincorporated association' and a citizen of the state where it either has its principal place of business or is organized" and therefore is a citizen of Massachusetts. *Glazebrook v. Chobani, LLC,* 619 F. Supp. 3d 231 at n.1 (D. Mass. 2022); *see also* 28 U.S.C. § 1332(d)(10) ("an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

10. The Court has personal jurisdiction over Defendant because Defendant has its headquarters in Massachusetts and has purposely availed itself of the benefits and privileges of conducting business activities within Massachusetts.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides (*i.e.*, is subject to personal jurisdiction) in this District.

## FACTUAL ALLEGATIONS

### I. Sugar Reduction Claims

11. Sugar is considered a contributor or cause of many different medical conditions, including weight gain, obesity, diabetes, cavities, and other diseases in adults.

12. A growing trend toward living healthier lives has led consumers to invest in their health by choosing food and beverages that contain less, or no, sugar to support their health.

13. In particular, consumers on low carbohydrate diets, like the ketogenic diet, look for sugar reduction claims like “no added sugar”.

14. In response to this consumer demand, food manufacturers – including Defendant – are increasingly introducing products with reduced sugar claims such as low sugar, no added sugar, reduced sugar, and sugar free.

15. As a result, consumers are seeking out, and are willing to pay more for, products with no added sugar because they believe they contain no added sugar.

**II. Defendant’s Sugar Representation is False and Misleading**

16. Defendant prominently and unambiguously represents the Products contain “No Added Sugar” on the front label of every flavor of the Products:




17. Consumers reasonably believe the Products will contain “no added sugar” ingredients.

18. However, the Products all contain the sugar allulose. Allulose, also known as D-Allulose is a monosaccharide that is structurally similar to fructose and is a sugar under 21 C.F.R. § 101.9(c)(6)(ii). *See Franco v. Chobani, LLC*, 184 F.4th 599, 604 (7th Cir. 2026) ("There's no dispute that allulose is a monosaccharide. Because the definition includes every monosaccharide and the following parenthetical is merely a list of examples, allulose is a sugar under § 101.9(c)(6)(ii)."). Because allulose has similar sweetness to traditional sugars, but with a lower caloric value, it is often used in place of table sugar as a sweetener.

19. Under 21 C.F.R. 101.60(c)(2), the term "no sugar added" may only be used if the following elements are met:

> (i) No amount of sugars, as defined in § 101.9(c)(6)(ii), or any other ingredient that contains sugars that functionally substitute for added sugars ***is added*** during processing or packaging; and
>
> (ii) The product does not contain an ingredient containing added sugars such as jam, jelly, or concentrated fruit juice; and
>
> (iii) The sugars content has not been increased above the amount present in the ingredients by some means such as the use of enzymes, except where the intended functional effect of the process is not to increase the sugars content of a food, and a functionally insignificant increase in sugars results; and
>
> (iv) The food that it resembles and for which it substitutes normally contains added sugars; and
>
> (v) The product bears a statement that the food is not "low calorie" or "calorie reduced" (unless the food meets the requirements for a "low" or "reduced calorie" food) and that directs consumers' attention to the nutrition panel for further information on sugar and calorie content.

21 C.F.R. 101.60(c)(2) (emphasis added).

20. Here, the Products do not qualify for "no sugar added" labeling because Defendant adds allulose as a standalone ingredient to the Products during the manufacturing process.

21. Accordingly, because the Products contain the sugar allulose, the No Sugar Added Representation is false and misleading.

22. Defendant's conduct thus deceived and/or was likely to deceive the public.

23. Plaintiff and Class Members were deceived into believing the Products contained "no added sugar," when in fact it contains allulose, as shown below:







16
FL OZ
RAY'S
NO SUGAR ADDED
TERIYAKI
MARINADE


16 FL OZ
TERIYAKI
MARIONADE
INGREDIENTS: SOY SAUCE (WATER, WHEAT, SOYBEANS, SALT, LACTIC ACID, SODIUM BENZOATE [PRESERVATIVE]), WATER, DISTILLED VINEGAR, ALLULOSE, ICE VINEGAR, MODIFIED CORN STARCH, CONTAINS LESS THAN 2% OF PRUNE PUREE, SESAME SEED, DRIED GARLIC, SPICE, CARAMEL COLOR, XANTHAN GUM, SESAME OIL, SODIUM BISULFATE AND POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), SALT, SUCRALOSE, NATURAL FLAVOR, CALCIUM DISODIUM EDTA (TO PROTECT FLAVOR). **CONTAINS SESAME, SOY, WHEAT.**
RAY'S
NO SUGAR ADDED


16
FL OZ
RAY'S
NO SUGAR ADDED
HONEY MUSTARD
FLAVORED
DIPPING
SAUCE


16 FL OZ
HONEY MUSTARD
FLAVORED
DIPPING SAUCE
INGREDIENTS: SOYBEAN OIL, WATER, DISTILLED VINEGAR, ALLULOSE, GG YOLK, SALT, CONTAINS LESS THAN 2% OF MUSTARD SEED, MUSTARD FLOUR, NATURAL HONEY FLAVOR, XANTHAN GUM, BETA CAROTENE (COLOR), WHITE WINE, POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), ROSEMARY EXTRACT AND GREEN TEA EXTRACT, CITRIC ACID, TARTARIC ACID, SUCRALOSE, SPICE, OLEORESIN PAPRIKA (COLOR), CALCIUM DISODIUM EDTA (TO PROTECT FLAVOR). CONTAINS EGG.
RAY'S
NO SUGAR ADDED


SWEET BABY RAY'S
RAY'S
NO SUGAR ADDED
SWEET BABY RAY'S
RAY'S
NO SUGAR ADDED
SWEET & SMOKY
BARBECUE SAUCE
NET WT 18.5 OZ (1 LB 2.5 OZ) 524g


18.5 OZ
SWEET & SMOKY
BARBECUE SAUCE
INGREDIENTS: WATER, TOMATO PASTE, DISTILLED VINEGAR, ALLULOSE, SALT, CONTAINS LESS THAN 2% OF MODIFIED CORN STARCH, APPLE CIDER VINEGAR, NATURAL SMOKE FLAVOR, GARLIC,* CARAMEL COLOR, NATURAL FLAVOR, POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), SPICE, XANTHAN GUM, MUSTARD FLOUR, PAPRIKA, ONION,* SUCRALOSE. *DRIED.
RAY'S
NO SUGAR ADDED


18.5
OZ
SWEET BABY RAY'S
RAY'S
NO SUGAR ADDED
SWEET & SPICY
BARBECUE SAUCE


18.5 OZ
SWEET & SPICY
BARBECUE SAUCE
INGREDIENTS: WATER, TOMATO PASTE, DISTILLED VINEGAR, ALLULOSE, SALT, CONTAINS LESS THAN 2% OF MODIFIED CORN STARCH, APPLE CIDER VINEGAR, GARLIC,* CARAMEL COLOR, NATURAL FLAVOR, NATURAL SMOKE FLAVOR, SPICE, POTASSIUM SORBATE AND SODIUM BENZOATE (PRESERVATIVES), XANTHAN GUM, MUSTARD FLOUR, PAPRIKA, ONION,* SUCRALOSE. *DRIED.
RAY'S
NO SUGAR ADDED

24. Plaintiff and Class Members would not know the true nature of the Products by looking at the front labels of the Products. There is nothing on the front label (like an asterisk) disclaiming or modifying the No Sugar Added Representation. The No Sugar Added Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the No Sugar Added Representation further before purchasing the products.

25. Moreover, the ingredient lists do not preclude consumer deception. As the Second Circuit has noted, "[r]easonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018) (insertion in original).

26. Further, average consumers do not know what allulose is (*i.e.*, that it is a sugar), and so reading the ingredient list is insufficient to inform them the Products contain added sugar and therefore the No Added Sugar Representation is false.

27. Plaintiff and Class Members purchased the Products in reliance on the No Sugar Added Representation, reasonably believing the Products contained no added sugar.

28. Plaintiff's and Class Members' reasonable belief that the Products contained no added sugar was a significant factor in their decisions to purchase the Products.

29. Plaintiff and Class Members did not know, and had no reason to know, that the Products contained added sugar because of how the Products are deceptively labeled and advertised to create the impression the Products contain no added sugar. Nothing on the front packaging of the Products indicates that the Products contain added sugar ingredients.

30. Defendant knew that Plaintiff and Class Members would rely on the No Sugar Added Representation and would therefore reasonably believe the Products did not contain added sugar ingredients. Further, as the manufacturer of the Products, Defendant knows that allulose is a sugar ingredient. Accordingly, Defendant knew that the No Sugar Added Representation was false and misleading when it made the misrepresentation, as allulose was added intentionally. Defendant intentionally and knowingly tricked consumers into purchasing the Products based on the No Sugar Added Representation, while also subjecting them to less healthy Products than advertised due to the perception that the Products in fact contained no added sugar.

31. Because the Products contain allulose contrary to the No Sugar Added Representation, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

32. Each Class member has been exposed to the same or substantially similar deceptive practices, as the Products are uniformly marketed with the No Sugar Added Representation when the Products contain the sugar allulose.

33. Consumers are willing to pay a price premium for products that contain no added sugar. Indeed, studies have shown that products with sugar-reduction claims command approximately a 15-30% price premium over sugar containing products.

34. Consumers are also induced to make purchases that they otherwise would not have, but for the belief that the Products did not contain added sugar. Plaintiff and Class Members would not have purchased the Products had they known the Products contained added sugar in the form of allulose. Further, Plaintiff and Class Members paid a price premium for the Products because of the No Sugar Added Representation. Therefore, Plaintiff and Class Members suffered an injury

in fact and lost money as a result of Defendant's false and misleading No Sugar Added Representation.

## CLASS ALLEGATIONS

35. ***Class Definition*:** Plaintiff brings this action on behalf all people in the following classes and subclasses (collectively referred to as "Class Members"):

a. Nationwide Class: all people in the United States who purchased the Products for personal or household use.
b. New York Subclass: all people who purchased the Products for personal or household use during the last three years.

36. Each of the above class definitions is a placeholder that "may be altered or amended before final judgment." Fed. Civ. P. 23(c)(1)(C). Subject to additional information obtained through further investigation and discovery, the foregoing class definitions may be expanded or narrowed by amendment or in the motion for class certification, including through the use of multi-state subclasses to account for material differences in state law, if any.

37. Excluded from the putative classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family. Also excluded are any claims for personal injury.

38. ***Numerosity.*** Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, each Class or Subclass includes thousands of consumers. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, its retailers, its agents, or other means.

39. ***Commonality and Predominance***. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

a. Whether Defendant misrepresented and/or failed to disclose material facts concerning the Products;

b. Whether the No Sugar Added Representation is false, misleading, and/or deceptive;

c. Whether Defendant's conduct in advertising and selling the Products amounted to deceptive business practices;

d. Whether Plaintiff and the Class Members have sustained damage as a result of Defendant's deceptive conduct;

e. The proper measure of damages sustained by Plaintiff and the Class Members; and

f. Whether Defendant was unjustly enriched by its unlawful practices.

40. ***Typicality.*** Plaintiff's claims are typical of the claims of the Classes in that Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's sale of the Products using false and misleading labeling.

41. ***Adequacy***. Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that are antagonistic to those of the Classes. Plaintiff has no past or present financial, employment, familial, or other relationship with any of the attorneys in this case that would create a conflict of interest with the proposed class members.

42. ***Superiority***. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions of individual actions are economically impractical for members of the Classes; the Classes are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

43. Without a class action, Defendant will continue a course of action that will result in further damages to the Plaintiff and Members of the Classes and will likely retain the benefits of its wrongdoing.

**FIRST CAUSE OF ACTION**
**Violation of New York General Business Law § 349**
**(On behalf of the New York Subclass)**

44. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

45. Plaintiff brings this cause of action individually and on behalf of the New York Subclass.

46. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

47. In their sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

48. Plaintiff and Class Members are consumers who purchased the Products for their personal use.

49. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, as alleged above.

50. The foregoing deceptive acts and practices were directed at consumers.

51. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Products to induce consumers to purchase the same.

52. By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

53. Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and Class Members have sustained from having paid for and used the Products.

54. As a result of Defendant's violations, Plaintiff and Class Members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid a price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

55. Plaintiff seeks all available relief under this cause of action.

## SECOND CAUSE OF ACTION
**Violation of New York General Business Law § 350**
**(On Behalf of the New York Subclass)**

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. Plaintiff brings this cause of action individually and on behalf of the Class Members.

58. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce or in the furnishing of any service.

59. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

60. Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

61. Defendant's false, misleading, and deceptive statements and representations of fact were and are directed toward consumers. Defendant also actively concealed and knowingly omitted material facts regarding the true nature of the Products.

62. Defendant's false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

63. Defendant's false, misleading, and deceptive statements and representations of fact has resulted in consumer injury or harm to the public interest.

64. As a result of Defendant's false, misleading, and deceptive statements and representations of fact, Plaintiff and Class Members have suffered and continue to suffer economic injury.

65. As a result of Defendant's violations, Plaintiff and Class Members have suffered damages because: (a) they would not have purchased the Products on the same terms if they knew about Defendant's misrepresentation; (b) they paid price premium for the Products due to the misrepresentation; and (c) the Products do not have the characteristics, uses, benefits, or qualities as promised.

66. Plaintiff seeks all available relief under this cause of action.

## THIRD CAUSE OF ACTION
**Fraud**
**(On Behalf of the Nationwide Class and New York Subclass)**

67. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

68. Plaintiff brings this cause of action individually and on behalf of the Class and Subclass members.

69. As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about the Product, including but not limited to the No Sugar Added Representation.

70. This misrepresentation was made with knowledge of its falsehood.

71. The misrepresentation made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class members to purchase the Products.

72. The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A. Certification of the proposed classes;

B. Appointment of Plaintiff as representative of the classes;

C. Appointment of undersigned counsel as counsel for the classes;

D. A declaration that Defendant's actions complained of herein violated the statutes referenced herein;

E. For an order finding in favor of Plaintiff and class members on all counts asserted herein;

F. For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

G. For prejudgment interest on all amounts awarded;

H. For an order of restitution and all other forms of equitable monetary relief;

I. For an order awarding Plaintiff and class members their reasonable attorney fees, expenses, and costs of suit.

J. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Joel D. Smith*

Joel D. Smith (BBO 712418)
**SMITH KRIVOSHEY, PC**
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

Yeremey O. Krivoshey (CA Bar No. 295032)
Brittany S. Scott (CA Bar No. 327132)
(*pro hac vice* motions forthcoming)
**SMITH KRIVOSHEY, PC**
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com
brittany@skclassactions.com

*Attorneys for Plaintiff and the Proposed Classes*